UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES E. NEVENS

    Plaintiff,

v.                                                  Case No: 8:22-cv-1561-KKM-SPF

HERNANDO COUNTY, FLORIDA,

    Defendant.
_____

## ORDER

On July 11, 2022, Defendant Hernando County, Florida, removed this civil rights action brought by Plaintiff James E. Nevens from the Circuit Court of the Fifth Judicial Circuit in and for Hernando County, Florida. (Doc. 1.) In his state court Complaint, Nevens alleges that Hernando County violated his civil rights by denying him "party status" at a board of county commissioners meeting. (Doc. 1-1.) His Complaint alleges one due process count under a Florida Supreme Court case that does not involve federal law. *See Renard v. Dade County*, 261 So. 2d 832 (1972). Because Nevens's Complaint does not mention a federal cause of action, the Court directed the parties to file supplemental briefing as to why this case should not be remanded for lack of subject matter jurisdiction. (Doc. 5.)

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 392; *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (explaining that under the "longstanding interpretation of the current statutory scheme, the question whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint'"). The well-pleaded complaint rule means that a federal question is "presented" when the complaint—on its face—invokes federal law as the basis for relief. "Th[is] rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc.*, 482 U.S. at 392. The Supreme Court long ago declared that, "[b]y unimpeachable authority," a lawsuit "brought upon a state statute does not arise under an act of Congress or the Constitution of the United States." *Gully v. First Nat. Bank in Meridian*, 299 U.S. 109, 116 (1936).

In his supplemental brief, Nevens states that his Complaint contains no reference to the federal Constitution or federal law and is "focused on local and state matters." (Doc. 9 at 2–3.) In its supplemental brief, the County clarifies that it agrees to remand if the Court determines that Nevens's Complaint was only asserting state law claims. (Doc. 8 at 3–4.) Because Nevens's Complaint does not invoke federal law as a basis for relief, this Court lacks subject matter jurisdiction under the well-pleaded complaint rule.

2

Accordingly, the Court directs the Clerk to **REMAND** this action to the Circuit Court of the Fifth Judicial Circuit in and for Hernando County, Florida, and to transmit a certified copy of this order to the clerk of that court; to **TERMINATE** any pending motions and deadlines; and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on August 10, 2022.

　　　　　　　　　　　　　　　　　　　
**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**

3